UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RONALD McLEOD | : | DN. 3:02CV1397 (RNC) |
| V. | : | |
| STATE OF CONNECTICUT | : | November 19, 2003 |

**AFFIDAVIT OF PLAINTIFF'S
COUNSEL IN SUPPORT OF CONSENT
<u>MOTION FOR EXTENSION OF TIME</u>**

Now Comes WILLIAM B. BARNES, who having first being duly sworn, does hereby depose and say:

1. I am over the age of eighteen years and understand the obligation of a an oath.

2. I am an attorney admitted to practice in the State of Connecticut and before this court. I was admitted to the Connecticut bar in 1979 and to the bar of this court in 1980. I have twenty-three years of experience in federal litigation.

3. I represent the plaintiff herein. I am familiar with the facts and circumstances of this case.

4. Rosenstein & Barnes is a small law office consisting of two attorneys, a full time secretary, a clerk working thirty hours a week and a part time IT manager.

5. This affidavit is made in support of plaintiff's motion to extend time to respond to defendant's motion for summary judgment.

6. On November 19, 2003 I spoke with AAG Tammy Geathers, counsel for the Defendant in this action, on the telephone. I asked her if she had any objection to an extension until Jan. 15, 2004, for Plaintiff to respond to the Defendant's motion for summary judgment. She said that Defendant consented to the motion.

7. Defendant's motion, memorandum and Local R. 56(a)1 statement are fifty pages long. Defendant's memorandum has twenty-four exhibits totaling 832 pages, and this is not the full record. I will spend many hours searching the record, discussing the issues and the record with the Plaintiff, and writing the memorandum and Rule 56(a)2 statement.

8. Due to unanticipated circumstances beyond my control, further described below, I have a large amount of other work to accomplish during the period in which I would have to prepare the summary judgment response in this case. Specifically, I must file a response to a motion for partial summary judgment in a Title VII case in this court on Nov. 21, 2003. Another response

to a substantial motion in a Title VII case in this court is due Nov. 24, 2003.  I am involved in active discovery in several large cases, including a multi-plaintiff ERISA denial of benefits case pending before Judge Goettel, with a December discovery cutoff date.  I am scheduled to begin a trial on breach of contract and civil rights claims in the New Haven Superior Court in January, 2004, and a sexual harassment trial in Bridgeport Superior Court in early March, 2004.

9.    The wife of my client, Ron McLeod, just had a second child.  It was a difficult birth.  She is in bed and out of work.  The amount of time that Mr. McLeod can spend with me at any one time is severely limited.

10.   The ability of my office to meet court deadlines, process work in a normal manner, and retrieve information about court matters, was disrupted due to circumstances which were not only beyond my control, but the full dimensions of which were unknown to me until after Oct. 1, 2003.

11.   In the summer of 2003 I realized that one of my long time employees had just stopped working.  She did not perform the tasks assigned to her and took excessive personal time.  She also

left the office early or failed to show up for work altogether. We separated the employee at the beginning of October, 2003.

12. After this employee was separated my partner and I discovered serious problems in the office. Court calendars were missing. The paper office calendar was out of date. Important documents had not been filed or had been placed in the wrong files. Important dates, such as court appearances, deadlines, statutes of limitations and the like, had either not been entered into the computerized calendar system or had been entered under the wrong dates. Worst of all, many files generated or used by my former employee had been deleted from the office network server and the server itself was not functioning properly.

13. This individual had worked for me for almost ten years. She had never acted like this before. I spent July, August and September trying to improve the situation and get the employee back on track. I did not want to let her go. Unfortunately nothing worked.

14. My partner and I replaced our former employee as soon as possible but for approximately two weeks I had no assistance. The new employee arrived Oct. 13, 2003. She has over twenty years experience in the legal field. She is working hard but is

not yet fully familiar with my office and my files. To help this employee we have had the IT manager work extra hours. We also hired a file clerk with years of law office experience and hired a computer consultant, replaced the computerized calendar program in use with a better one, and paid to have the data in the old system transferred and updated. The file clerk and the new employee have spent a large part of every day cleaning and reorganizing the office.

15. Rosenstein & Barnes handles primarily employment litigation, civil rights, and domestic and family matters. The firm's two attorneys are specialists. My litigation case load consists of thirty matters, all civil rights and employment related with the exception of a few pieces of commercial, insurance and securities litigation. All are active and contested. My cases involve research in employment law, civil rights law, pension and benefits law, covenants not to compete, trade secrets, insurance and securities.

16. The underlying problem with workflow in our office has been identified and resolved, but notwithstanding it will take a reasonable amount of time to get my pending cases back on schedule.

17. Despite diligent efforts it is simply not possible for me to prepare and file a proper response to Defendant's motion for summary judgment before Jan. 15, 2004.

18. No disrespect for this court or its rulings, deadlines or authority, is intended. No harm will be done to any party by the extension. I have discussed the request for the extension with my client. He understands why I am asking for it and has no objection. AAG Geathers likewise has no objection to the extension.

                                   _____
                                   WILLIAM B. BARNES

STATE OF CONNECTICUT    )
                        )   COUNTY OF FAIRFIELD
TOWN OF FAIRFIELD       )

Now comes WILLIAM B. BARNES, known or satisfactorily proven, and subscribed and swore to the truth of the foregoing before me as his free act and deed for the purposes therein contained.

                                   _____
                                   DIANE LALLY
                                   Notary Public  12/30/03

My commission expires: