

2004 JAN 23  A 10: 36

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RONALD McLEOD | : | DN. 3:02CV1397 (RNC) |
| V. | : | |
| STATE OF CONNECTICUT | : | January 22, 2004 |

## CONSENT MOTION TO EXTEND TIME

Plaintiff moves pursuant to Local Civ. R. 9(b) to extend the time to reply to defendant's motion for summary judgment, dated Nov. 7, 2003, until Feb. 13, 2004, and represents:

1.   This is the second extension sought for a reply to the motion for summary judgment.

2.   Counsel for the defendant was contacted on Jan. 21, 2004, and consents to the extension.  See affidavit of William B. Barnes, attached.

3.   This Title VII action is based on several different theories of discrimination and retaliation and arises out of several different incidents.  The facts are hotly contested.

4.   To resist Defendant's motion for summary judgment, Plaintiff must produce sufficient evidence from which a

reasonable jury could return a verdict in his favor.  Anderson
v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 25205, 91 L.Ed.2d
202 (1986).  A nonmovant may not rely on conclusory allegations
or unsubstantiated speculation.  Scotto v. Almenas, 143 F.3d
105, 114 (2d Cir. 1998).  The court is under no obligation to
perform an independent review of the record to find factual
disputes.  Amnesty America v. Town of West Hartford, 288 F.3d
467, 470 (2d Cir. 2002).  The nonmovant must search the record,
and cite references to the record, in his Local R. 56(a)2 state-
ment.  Local R. 56(a)2; Amnesty America, 288 F.3d at 470.

5.    Defendant's motion, memorandum and Local R. 56(a)1
statement are fifty pages long.  Defendant's memorandum has
twenty-four exhibits totaling 832 pages, and this is not the
full record.

6.    Plaintiff will necessarily spend many hours searching
the record and writing his memorandum in opposition.  Due to the
press of business and other factors, as set forth in counsel's
affidavit, Plaintiff will not be able to submit his memorandum,
Rule 56(a)2 statement and exhibits in twenty-one days, or by
Nov. 28, 2003.

WHEREFORE, for all of the accompanying reasons, and those set forth in the accompanying affidavit, Plaintiff respectfully moves on consent for an order granting him until Feb. 13, 2004, to file his opposition to defendants' motion for summary judgment.

THE PLAINTIFF
RONALD McLEOD

By: _____
WILLIAM B. BARNES, ESQ.
        (CT0268)
Rosenstein & Barnes
1100 Kings Hwy. East
P.O. Box 687
Fairfield, CT 06432
Tel (203) 367-7922
Fax (203) 367-8110
wbarnes@rosenbar.com

## CERTIFICATION

A copy of the foregoing was mailed first class mail, post-age paid, on Jan. 22 , 200, to the following counsel and pro se parties of record:

Tammy D. Geathers, Esq.
Asst. Attorney General
55 Elm St.,
P.O. Box 120
Hartford, CT 06141-0120

_____
WILLIAM B. BARNES, ESQ.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

RONALD McLEOD                        :      DN. 3:02CV1397 (RNC)

V.                                   :

STATE OF CONNECTICUT                 :      January 22, 2004

AFFIDAVIT OF PLAINTIFF'S
COUNSEL IN SUPPORT OF CONSENT
MOTION FOR EXTENSION OF TIME

Now Comes WILLIAM B. BARNES, who having first being duly sworn, does hereby depose and say:

1.   I am over the age of eighteen years and understand the obligation of a an oath.

2.   I am an attorney admitted to practice in the State of Connecticut and before this court.  I was admitted to the Connecticut bar in 1979, to the bar of this court in 1980, to the bar of the Second Circuit Court of Appeals in 1983 and to the United States Supreme Court bar in 1991.  I have twenty-three years of experience in federal litigation.

3.   I represent the plaintiff herein.  I am familiar with the facts and circumstances of this case.

4.  Rosenstein & Barnes is a small law office consisting of two attorneys, a full time secretary, a clerk working thirty hours a week and a part time IT manager.

5.  This affidavit is made in support of Plaintiff's motion to extend the time for Plaintiff to reply to Defendant's motion for summary judgment.

6.  On January 21, 2004, I asked Asst. Atty. General Tammy Geathers if defendant had any objection to the extension and she said that there was no objection.

7.  The memorandum and Local Civ. R. 56(a)1 statement in support of Defendant's motion for summary judgment consists of pages and    exhibits totaling    pages of affidavits and other materials.  I have already spent substantial time reviewing this record and preparing a response, but, for the reasons set forth herein, more time is required.

8.  Due to unanticipated circumstances beyond my control, further described below, I have had a large amount of other work to accomplish during the period in which I would have to prepare the summary judgment response in this case.  I am involved in active discovery in several large cases, including a multi-plaintiff ERISA denial of benefits case pending before Judge

Goettel with a December discovery cutoff date.  I was until Jan.
16, 2004 scheduled to begin a trial on breach of contract and
civil rights claims in the New Haven Superior Court on Jan. 20,
2004.  I am due to begin a sexual harassment trial in Bridgeport
Superior Court in early March, 2004.

9.    The ability of my office to meet court deadlines,
process work in a normal manner, and retrieve information about
court matters, was disrupted due to circumstances which were not
only beyond my control, but the full dimensions of which were
unknown to me until after Oct. 1, 2003.

11.    In the summer of 2003 I realized that one of my long
time employees had just stopped working.  She did not perform the
tasks assigned to her and took excessive personal time.  She
left the office early and even failed to show up for work alto-
gether.  This individual had worked for me for almost ten years.
She had never acted like this before.  I spent July, August and
September trying to improve the situation and get the employee
back on track.  I did not want to let her go.  Unfortunately
nothing worked.  We separated the employee at the beginning of
October, 2003.

3

12.    After this employee was separated my partner and I discovered serious problems in the office.  Court calendars were missing.  The paper office calendar was out of date.  Important documents had not been filed or had been placed in the wrong files.  Important dates, such as court appearances, deadlines, statutes of limitations and the like, had either not been entered into the computerized calendar system or had been entered under the wrong dates.  Worst of all, many files generated or used by my former employee had been deleted from the office network server and the server itself was not functioning properly.

13.    My partner and I replaced our former employee as soon as possible but for approximately two weeks I had no assistance. The new employee arrived Oct. 13, 2003.  She has over twenty years experience in the legal field.  She is working hard but is not yet fully familiar with my office and my files.  To help this employee we have had the IT manager work extra hours.  We have also hired a file clerk with years of law office experience, hired a law office computer consultant, replaced the computerized calendar program in use with a better one, and paid to have the data in the old system transferred and updated.  The file clerk

4

and the new employee have spent a large part of every day since Oct. 13, 2003, cleaning and reorganizing the office.

14.    Rosenstein & Barnes handles primarily employment litigation, civil rights, and domestic and family matters. The firm's two attorneys are specialists. My litigation case load consists of thirty matters, all civil rights and employment related with the exception of a few pieces of commercial, insurance and securities litigation. All are active and contested. My cases involve research in employment law, civil rights law, pension and benefits law, covenants not to compete, trade secret law, insurance law and securities law.

15.    The underlying problem with workflow in our office has been identified and resolved, but notwithstanding it will take a reasonable amount of time to get my pending cases back on schedule.

16.    Despite diligent efforts it is simply not possible for me to prepare and file a proper response to Defendant's motion for summary judgment before Feb. 13, 2004.

18.    No disrespect for this court or its rulings, deadlines or authority, is intended. No harm will be done to any party by

the extension, which will assist the court in determining the motion on its merits.

_____
WILLIAM B. BARNES

STATE OF CONNECTICUT       )
                           )     COUNTY OF FAIRFIELD
TOWN OF FAIRFIELD          )

    Now comes WILLIAM B. BARNES, known or satisfactorily proven, and subscribed and swore to the truth of the foregoing before me as his free act and deed for the purposes therein contained.

_____
DIANE E. LALLY
Notary Public
My commission expires: 12/31/08

6