UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RONALD McLEOD | : | DN. 3:02CV1397 (RNC) |
| V. | : | |
| STATE OF CONNECTICUT | : | MARCH 24, 2004 |

**AFFIDAVIT OF PLAINTIFF'S
COUNSEL IN SUPPORT OF CONSENT
<u>MOTION FOR EXTENSION OF TIME</u>**

Now Comes WILLIAM B. BARNES, who having first being duly sworn, does hereby depose and say:

1. I am over the age of eighteen years and understand the obligation of a an oath.

2. I represent the plaintiff herein. I am familiar with the facts and circumstances of this case.

3. This affidavit is made in support of Plaintiff's motion to extend the time for Plaintiff to reply to Defendant's motion for summary judgment.

4. Rosenstein & Barnes is a small law office consisting of two attorneys, a full time secretary, a clerk working thirty hours a week and a part time IT manager.

5. I am an attorney admitted to practice in the State of Connecticut and before this court. I was admitted to the

Connecticut bar in 1979, to the bar of this court in 1980, to the bar of the Second Circuit Court of Appeals in 1983 and to the United States Supreme Court bar in 1991. I have twenty-three years of experience in federal litigation.

6. The memorandum and Local Civ. R. 56(a)1 statement in support of Defendant's motion for summary judgment consists of fifty pages and 24 exhibits totaling 842 pages of affidavits and other materials. I have already spent substantial time reviewing this record and preparing a response, but, for the reasons set forth herein, more time is required.

7. I have had a large amount of other work to accomplish during the period in which I have to complete the summary judgment response in this case. I am involved in active discovery in several large cases, including a three plaintiff § 1983 case before Judge Covello and a fourteen plaintiff denial of benefits ERISA case before Judge Goettel. I also represent the injured party in a $1.3 Million commodities options and futures fraud action before an administrative law judge at the Commodity Futures Trading Commission in Washington, D.C. The fraud matter is highly technical, involves multiple experts and is operating on an expedited discovery schedule.

8.   I recognize that this motion for extension of time is filed after the time for filing a substantive response was due. I apologize to the court for this lapse.  It was entirely unintentional.  I meant no disrespect to this court.  In February, before the prior extension ran out, I worked on a draft motion to extend time.  Thereafter I believed, wrongly, that the motion had been filed.  I did not appreciate that the date had expired without a motion to extend time until I realized the motion I prepared had not been filed and that a response was substantially overdue.

9.   Allowing the extension will permit this matter to be resolved on the merits, not an error by counsel.  To my knowledge no attorney or party will be harmed in any way by the extension.

10.   On March 24, 2004, I asked Asst. Atty. General Tammy Geathers if defendant had any objection to the extension and she said that defendant took no position with regard to it.

11.   Despite diligent efforts it will simply not be possible for me to prepare and file a response which fully analyzes the record, and makes all of the points in Plaintiff's favor which should be made, before April 22, 2004.

```
                                        _____
                                        WILLIAM B. BARNES

STATE OF CONNECTICUT    )
                        )    COUNTY OF FAIRFIELD
TOWN OF FAIRFIELD       )
```

    Now comes WILLIAM B. BARNES, known or satisfactorily proven, on March 24, 2004, and subscribed and swore to the truth of the foregoing before me as his free act and deed for the purposes therein contained.

```
                                        _____
                                        DIANE E. LALLY
                                        Notary Public
                                        My commission expires:
```