03CV1397rul0

FILED

2004 SEP 30 P 8:53

U.S. DISTRICT COURT
HARTFORD, CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RONALD MCLEOD,

    Plaintiff,

V.      CASE NO. 3:02CV1397(RNC)

STATE OF CONNECTICUT,

    Defendant.

## RULING AND ORDER

Ronald McLeod, a white male, is a longtime employee of the State of Connecticut Department of Social Services ("DSS"). He brings this action against his employer under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., alleging that he has been subjected to discrimination in the workplace because of his race, gender, marital status, and relationship with a woman who is Hispanic. Defendant moves for summary judgment. For the reasons stated below, the motion is granted.

I. Facts

The pleadings, depositions and affidavits on file show the following. On two occasions in 2000, plaintiff was accused of behaving inappropriately toward people he supervised. Georgette Fountain claimed that on May 22, 2000, he shouted at her; he says he merely matched her loud tone of voice. After an investigation by personnel director Lynn Gelzheiser, plaintiff was suspended for four days. Constance Onofrio claimed that on Aug. 3, 2000, plaintiff swore at her and possibly also spit at her; he denies either swearing or spitting. This incident resulted in plaintiff being placed immediately on administrative leave, on the ground

that Onofrio was afraid of him. The leave was rescinded after twenty-six days. Following an investigation, again by Gelzheiser, plaintiff was suspended for an additional day.

II. Discussion

Summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must review the record as a whole, credit all evidence favoring the nonmovant, give the nonmovant the benefit of all reasonable inferences, and disregard all evidence favoring the movant that a jury would not have to believe. See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150-51 (2000). Granting summary judgment in a proper case helps conserve judicial and litigant resources because, if there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law, a verdict in favor of the nonmovant could not be sustained.

    A. Race and Gender Claims

Plaintiff claims that defendant treated him unfairly in its investigations of the two incidents and in the penalties imposed on him, and did so because he is white and male. Claims of race and gender discrimination are analyzed using the three-step burden-shifting framework adopted in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973). Plaintiff has the initial burden of making a prima facie case by showing that he belongs to a protected class, was performing his duties satisfactorily, and

2

suffered an adverse employment action in circumstances supporting an inference of discrimination. If that showing is made, the burden shifts to defendant to articulate a legitimate non-discriminatory reason for the challenged action. If such a reason is articulated, the burden shifts back to the plaintiff to show that the proffered reason is a pretext for discrimination.

Plaintiff presents evidence that is marginally sufficient to sustain his minimal burden of making a prima facie case of racial and gender discrimination. Defendant concedes that he belongs to a protected class, was performing his duties satisfactorily, and was subjected to an adverse employment action. (Def.'s Mem. at 17.) The circumstances arguably raise an inference of discrimination because, as a white male, he was a minority in a workplace allegedly dominated by African-American females. Defendant has articulated a legitimate nondiscriminatory reason for disciplining plaintiff by presenting evidence that it disciplined him for violating rules against violent behavior in the workplace, and has presented substantial evidence that the discipline was imposed through regular procedures and was justified by the basic facts of the Fountain and Onofrio incidents. (Def.'s Exs. 4-15; Pl.'s Exs. P, Y.)

Plaintiff may defeat summary judgment by presenting evidence that race and gender played a role in his discipline or that defendant's proffered reason for the discipline is false. Reeves, 530 U.S. at 148-49. Plaintiff presents no evidence that the disciplinary decisions were motivated by race or gender,

suffered an adverse employment action in circumstances supporting an inference of discrimination. If that showing is made, the burden shifts to defendant to articulate a legitimate non-discriminatory reason for the challenged action. If such a reason is articulated, the burden shifts back to the plaintiff to show that the proffered reason is a pretext for discrimination.

Plaintiff presents evidence that is marginally sufficient to sustain his minimal burden of making a prima facie case of racial and gender discrimination. Defendant concedes that he belongs to a protected class, was performing his duties satisfactorily, and was subjected to an adverse employment action. (Def.'s Mem. at 17.) The circumstances arguably raise an inference of discrimination because, as a white male, he was a minority in a workplace allegedly dominated by African-American females. Defendant has articulated a legitimate nondiscriminatory reason for disciplining plaintiff by presenting evidence that it disciplined him for violating rules against violent behavior in the workplace, and has presented substantial evidence that the discipline was imposed through regular procedures and was justified by the basic facts of the Fountain and Onofrio incidents. (Def.'s Exs. 4-15; Pl.'s Exs. P, Y.)

Plaintiff may defeat summary judgment by presenting evidence that race and gender played a role in his discipline or that defendant's proffered reason for the discipline is false. Reeves, 530 U.S. at 148-49. Plaintiff's evidence that the disciplinary decisions were motivated by race or gender consists

3

of the race and gender of the decisionmakers. In addition, he challenges the fairness of the investigations and the penalties he received. The evidence he relies on is not strong. The best evidence is: (1) the testimony of Rudolph Jones, DSS's human resources director, that plaintiff's twenty-six day administrative leave was relatively long (Def.'s Ex. 6 at 33); (2) Gelzheiser's testimony that she could not recall a case in which a supervisor received a one-day or four-day suspension (Def.'s Ex. 4 Pt. II at 78-79); (3) plaintiff's sworn statement that he did not receive the required notice of the reasons for his administrative leave and that the leave should not properly have exceeded fifteen days (McLeod Aff. ¶ 34); (4) his sworn statement that Gelzheiser was a personal friend of Onofrio, and thus should not have conducted the Onofrio investigation (McLeod Aff. ¶ 33); and (5) his sworn statement that the affirmative action office failed to investigate his discrimination complaint (McLeod Aff. ¶ 29).[1]

Crediting these statements, they provide some evidence that

---

[1] Plaintiff's remaining evidence includes: (1) his assertion that Gelzheiser took 98 days to render a report on the Fountain charge (McLeod Aff. ¶ 23) and speculation that she was waiting for another complaint to appear; (2) several allegations that amount to the assertion that Gelzheiser reported the statements of his accusers, and witnesses plaintiff believes are biased against him, rather than focusing on his version of events (Pl.'s Mem. at 19-21); (3) his assertion that Gelzheiser failed to take into account alleged inconsistencies in the accusers' stories, though the exhibits suggest that where there were important inconsistencies Gelzheiser did mention them (Pl.'s Mem. at 21, 24-26; Pl's. Ex. P, Y); and (4) his sworn statement that he was only tardily shown plaintiff's complaint (McLeod Aff. ¶ 20).

4

plaintiff was unfairly treated, and thus provide some (but not much) evidence that defendant's explanation for the discipline is false. On the other hand, defendant has presented unrebutted evidence that three other employees, who were not white males, were suspended for similar conduct (Def.'s Exs. 22-24), and that there was no pattern of unfair or disparate discipline of white males (Def.'s Ex. 7 at 32-33).

When a plaintiff presents no evidence of discriminatory motive, but presents some evidence that the employer's explanation is false, a court should "examine the entire record and ... make the case-specific assessment as to whether a finding of discrimination may reasonably be made." Zimmermann v. Assocs. First Capital Corp., 251 F.3d 376, 381 (2d Cir. 2001). Whether summary judgment is appropriate in such a case depends on, among other things, "the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case." Reeves, 530 U.S. at 148-49. Here, both plaintiff's prima facie case and his evidence that the employer's explanation is false are weak, and defendant's explanation is supported by substantial evidence. A reasonable jury could not find that race or gender played a role in defendant's disciplinary decisions on this evidence. Summary judgment on these claims is therefore appropriate.

B. Marital Status Claim

There exists no cause of action under Title VII for

discrimination based on marital status by itself. 42 U.S.C. § 2000e-2(a); <u>Fisher v. Vassar College</u>, 70 F.3d 1420, 1447 (2d Cir. 1995). Thus, summary judgment is appropriate on this claim.

  C. <u>Claim Based on Association with Hispanic Woman</u>

  Plaintiff claims that he was unfairly treated because he was engaged, and later married, to a Hispanic woman. The Supreme Court and Second Circuit have not yet ruled on whether a white plaintiff has a cause of action under Title VII based on association with a member of a minority group.[2] The issue need not be decided in this case because, even assuming such a cause of action exists, plaintiff's claim does not survive summary judgment.

  Plaintiff presents only one piece of evidence to suggest that his discipline was related to his marriage to Flores: his assertion in his affidavit that Onofrio called Flores a "fucking spic whore" and their son a "half spic bastard." (McLeod Aff. ¶ 32.) These statements were not made by a decisionmaker, but by one of plaintiff's supervisees. Plaintiff presents no evidence to suggest that Onofrio's alleged remarks in any way influenced, or reflected the views of, the decisionmakers. Stray remarks by non-decisionmakers are rarely given much weight. <u>Ezold v. Wolf, Block, Schorr and Solis-Cohen</u>, 983 F.2d 509, 545 (3d Cir. 1992).

---

  [2] Plaintiff argues that the Second Circuit approved such a cause of action in <u>Albert v. Carovano</u>, 851 F.2d 561, 572-73 (2d Cir. 1988). In fact, in that passage, the Second Circuit cited <u>Parr v. Woodmen of the World Life Ins. Co.</u>, 791 F.2d 888, 890 (11th Cir. 1986) for the proposition that such a cause of action exists under 42 U.S.C. § 1981, not Title VII.

Such remarks could not, in the absence of any other evidence, persuade a reasonable jury that the race of plaintiff's wife played a role in defendant's disciplinary decisions. Thus, defendant is entitled to summary judgment on this claim as well.

III. Conclusion

Accordingly, defendant's motion for summary judgment [Doc. # 26] is hereby granted. The Clerk may close the file.

So ordered.

Dated at Hartford, Connecticut this 30th day of September 2004.

```
                           _____
                             Robert N. Chatigny
                           United States District Judge
```