UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| RONALD McLEOD | : |
| Vs. | :  CASE NO. 3:02CV1397(RNC) |
| STATE OF CONNECTICUT DEPARTMENT OF SOCIAL SERVICES | : : |

RULING ON DEFENDANT'S MOTION FOR COSTS

Judgment entered for the defendant on October 1, 2004, after a ruling entered granting the defendant's motion for summary judgment. Defendant filed a Motion for Costs on November 4, 2004, and no objection has been filed to date. For the reasons stated below, defendant's motion for costs is granted in part and denied in part.

A. FEES FOR COURT REPORTER: Defendant is entitled to costs for an original and one copy of a transcript and any court reporter attendance fees, to be taxed at the prevailing page rate, pursuant to Local Rule 54(c)2. Deposition transcripts are taxable if used at trial in lieu of live testimony, for cross-examination, for impeachment, or in support of a successful motion for summary judgment pursuant to Local Rule 54(c)2(iii). Pursuant ot Vol. VI, Chap. XX of the "Guide to Judiciary Policies and Procedures," maximum transcript rates for an original and one copy are $3.75 per page.

Defendant submitted a bill of costs in the amount of $1,899.75, which includes a claim for the deposition of plaintiff, Ronald McLeod, in the amount of $699.50 although the amount listed on the invoice is $655.70 plus an appearance fee in the amount of $75.00 for a total amount of $730.70. The page rate is not provided. Therefore, this claim is allowed in the reduced amount of $697.50 (166 pages x $3.75 maximum page rate + $75.00 appearance fee).

Defendant's bill of costs also includes claims for deposition transcripts for Brenda Harris in the amount of $213.50; Michael Carey in the amount of $183.75; Lynn Gelzheiser taken on July 24, 2003 in the amount of $337.75 and taken on July 29, 2003, in the amount of $197.75; and Rudolph Jones in the amount of $78.75.  A review of the court record reflects that these deposition transcripts were used by the defendant in support of its successful motion for summary judgment.  Although the page rate is missing from each invoice, it is obvious that it does not exceed the maximum page rate.  Therefore, these claims are allowed as submitted.

In addition, defendant's bill of costs includes a claim for the deposition transcript of Frances Freer.  A review of the record does not reflect that this transcript was referred to in defendant's motion for summary judgment.  Therefore, this claim is denied without prejudice to renewal within ten days upon a showing as to how this deposition transcript was used in support of its motion for summary and not for the convenience of counsel.

B. <u>SUMMARY</u>: For the reasons previously stated, the defendant's motion for costs is allowed in the amount of **$1,709.00**.

Pursuant to Local Rule 54(d), the parties may appeal this decision to the presiding judge within five days of the entry of this ruling.

Dated at Hartford, Connecticut, this 28th day of January, 2005.

KEVIN F. ROWE, Clerk

By   /s/
     Mary A. Wiggins
     Deputy-in-Charge